COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, McClanahan and Retired Judge Strickland[*]
Argued by teleconference


WILLIS HOWARD WINFREE

                                                    MEMORANDUM OPINION[**] BY
v.        Record No. 2391-04-3            JUDGE ELIZABETH A. McCLANAHAN
                                                          AUGUST 30, 2005

LINDA PUGH WINFREE


               FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                          J. Leyburn Mosby, Jr., Judge

          Robert C. Wood, III (Edmunds & Williams, on briefs), for appellant.

          Arelia S. Langhorne for appellee.


          Willis Howard Winfree (husband) appeals a trial court decision barring a collateral attack

on an assignment of husband's monthly veterans' disability benefits to Linda Pugh Winfree

(wife) in a property settlement agreement (PSA).  The PSA was incorporated into the parties'

final divorce decree more than seven years earlier.  He contends that:  (1) the assignment of the

veterans' disability benefits to wife is void *ab initio*; (2) the court lacked subject matter

jurisdiction over disposition of those benefits; (3) the court erred in holding that *res judicata*

barred husband's complaint; and (4) the entry of the final decree incorporating the provision

violated the Supremacy Clause of the United States Constitution.  For the reasons that follow, we

affirm the trial court.

          [*] Retired Judge Diane McQ. Strickland took part in the consideration of this case by
designation pursuant to Code § 17.1-400(C).

          [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Husband was a member of the United States Army from 1969 until 1971. During husband's military service, he sustained bodily injuries for which he was awarded a monthly disability benefit from the Veterans' Administration beginning in 1972.

The parties married in 1974 and separated in 1995. After their separation, the parties entered into a PSA in which, *inter alia*, husband assigned to wife the monthly disability check he received from the Veterans' Administration. The relevant paragraph of the PSA reads:

(10) <u>HUSBAND'S DISABILITY CHECK</u>

Commencing with the month of September, 1996, and continuing monthly thereafter, Husband shall assign to Wife his monthly disability check that he receives from the United States Government. Husband agrees to turn over his check to Wife each month commencing with the month of September, 1996, and continuing thereafter subject to the following:

(A)     Said assignment shall be terminated if Wife remarries; and
(B)     Said assignment shall be terminated upon Wife's death; and
(C)     Said assignment shall be terminated upon Husband's death.

The PSA was incorporated by reference and merged into the parties' divorce decree.

Wife has received all of husband's monthly disability checks from the Veterans' Administration by direct deposit into her personal checking account since the date of the agreement. Husband has remarried, but wife has not. Husband's disability benefits were increased when his current wife was added as a dependent; however, that increased benefit has also been paid to wife.

In 2003, more than seven years after the entry of the parties' final divorce decree, husband filed a bill of complaint asking the court to declare that the assignment of his disability benefits, as provided in the separation agreement, was void *ab initio*. He argued that because federal law prohibited the assignment, the trial court lacked subject matter jurisdiction to incorporate that provision into the divorce decree. After an *ore tenus* hearing, the court issued a

- 2 -

letter opinion stating that the assignment was made in violation of federal law, that the provision assigning the disability benefits was void, and that the trial court lacked subject matter jurisdiction to order the assignment. The letter opinion was incorporated into a written decree.

Wife moved the court to reconsider, which the court granted, setting aside the written decree. After further consideration and hearing, the trial court reversed itself and ruled that it did have subject matter jurisdiction, that the relief sought by husband was barred by *res judicata*, and that it lacked authority to enter a decree contrary to the parties' agreement. Husband's appeal followed.

## II. ANALYSIS

Husband claims that the trial court did not have subject matter jurisdiction to incorporate into the decree the provision in the PSA assigning his disability benefits, because such assignment was in violation of federal law.[1] Wife claims, however, and the trial court held, that

---

[1] 38 U.S.C. § 5301 provides: "in any case where a beneficiary . . . enters into an agreement with another person under which agreement such other person acquires for consideration the right to receive such benefit . . . such agreement shall be deemed to be an assignment and is prohibited." 38 U.S.C. § 5301(a)(3)(A). See also Mansell v. Mansell, 490 U.S. 581, 583 (1989) (holding that state courts are prohibited from dividing military retirement pay waived in favor of military disability benefits.) Paragraph (10) of the parties' PSA assigns husband's disability benefits to wife. The parties disagree on the effect of Mansell. Husband argues that the holding in Mansell is clear that federal law preempts a state court from assigning or dividing veterans' disability benefits. Wife argues that Mansell only held that those benefits could not be divided under community property or equitable distribution theories, but recognized that they could be divided under other theories of law. On remand, the California Appeals Court held that Mansell did not divest the state courts of jurisdiction over military retirement or disability pay, but that the state courts are merely bound to apply federal law in determining the character of military benefits. Mansell v. Mansell, 265 Cal. Rptr. 227, 231 (Cal Ct. App. 1989). "[A] judgment entered contrary to substantive law does not fall to the level of being in excess of the trial court's jurisdiction." Id. at 233.
We note that although this Court has addressed the distribution of veterans' disability benefits and the Virginia equitable distribution scheme in a number of cases, those cases did not address, and we need not address, whether the language of 38 U.S.C. § 5301 applies to an assignment made in a PSA and then incorporated in an order under Code § 20-109.1. See Asgari v. Asgari, 33 Va. App. 393, 401 n.7, 533 S.E.2d 643, 647 n.7 (2000); McLellan v. McLellan, 33 Va. App. 376, 381-82, 533 S.E.2d 635, 637-38 (2000); Owen v. Owen, 14 Va. App. 623, 419 S.E.2d 267 (1992); Lambert v. Lambert, 10 Va. App. 623, 628, 395 S.E.2d 207, 209-10 (1990).

*res judicata*[2] bars consideration of whether the assignment provision in the PSA, incorporated into the final decree, is void.

Resolution of this issue is not governed by whether the assignment was prohibited by federal law, but instead requires consideration of whether the order incorporating the assignment provision is void *ab initio* or merely voidable. If it is void *ab initio*, it can be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." Barnes v. Am. Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925). If it is merely voidable, it is not subject to collateral attack and is subject to the limitations of Rule 1:1. Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995). If voidable, the order may only be reversed by an appellate court in a timely appeal under Rules 5A:6(a) or 5:9, set aside by a bill of review filed within the limitations of Code § 8.01-623, or successfully challenged in an independent action pursuant to Code § 8.01-428(D). De Avies v. De Avies, 42 Va. App. 342, 346, 592 S.E.2d 351, 353 (2004).[3]

A judgment is void if it has been entered by a court that did not have jurisdiction over the subject matter or the parties. Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); Nelson v. Warden of the Keen Mt. Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001); see also Kelley v. Kelley, 248 Va. 295, 299, 449 S.E.2d 55, 57 (1994). "[A]n order issued by a court

---

[2] *Res judicata* "precludes relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction." Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989).

[3] Husband did not file a motion for reconsideration in the trial court, and did not appeal the issue after entry of the order within the limitations prescribed by Rules 5A:6(a) or 5:9, or Code § 8.01-623. Husband states in his reply brief that he has filed an independent action on the ground that the trial court did not have subject matter jurisdiction to order the assignment of his veterans' disability benefits. Other than this brief statement, husband has provided no analysis, argument or proof that he is bringing an independent action. To prevail in an independent action under Code § 8.01-428(D), the applicant for such relief has the burden to prove, *inter alia*, that there was an absence of fault or negligence on his part. See Media General, Inc. v. Smith, 260 Va. 287, 290, 534 S.E.2d 733, 735 (2000).

without subject matter jurisdiction is, in the eyes of the law, no order at all." De Avies, 42 Va. App. at 346, 592 S.E.2d at 353.

> Whether an alleged error by a trial court renders its order void turns on the subtle, but crucial, difference "between the power of a court to adjudicate a specified class of cases, commonly known as 'subject matter jurisdiction,' and the authority of a court to exercise that power in a particular case."

Id. at 345, 592 S.E.2d at 352 (quoting Edwards v. Commonwealth, 41 Va. App. 752, 764, 589 S.E.2d 444, 449-50 (2003) (*en banc*) (quoting Nelson, 262 Va. at 281, 552 S.E.2d at 75)); see also Commonwealth v. JOCO Found., 263 Va. 151, 160, 558 S.E.2d 280, 284 (2002). "This distinction guards against the *faux* elevation of a court's failure 'to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction.'" De Avies, 42 Va. App. at 345-46, 592 S.E.2d at 352 (quoting Nelson, 262 Va. at 281, 552 S.E.2d at 75). "In this sense, a trial court has 'jurisdiction to err' just as an appellate court has jurisdiction to correct such errors." Id. at 346, 592 S.E.2d at 352 (quoting Parrish, 250 Va. at 521, 464 S.E.2d at 146).

Subject matter jurisdiction over divorce and equitable distribution is governed by state law. The "'whole subject of the domestic relations of husband and wife . . . belongs to the laws of the States and not to the laws of the United States.'" Hisquierdo v. Hisquierdo, 439 U.S. 572, 581 (1979) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). The Virginia Supreme Court has stated that, "jurisdiction in divorce suits is purely statutory, conferred in clear, detailed language." Sprouse v. Griffin, 250 Va. 46, 50, 458 S.E.2d 770, 772 (1995) (citing Lapidus v. Lapidus, 226 Va. 575, 578, 311 S.E.2d 786, 788 (1984); Steinberg v. Steinberg, 11 Va. App. 323, 328-29, 398 S.E.2d 507, 510 (1990)); see also Johnson v. Johnson, 224 Va. 641, 645, 299 S.E.2d 351, 354 (1983). Virginia's equitable distribution statutes provide that, "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are

favored in the law and such will be enforced unless their illegality is clear and certain." Cooley

v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980). Code § 20-109.1 provides, in pertinent

part:

> Any court may affirm, ratify and incorporate by reference in its
> decree dissolving a marriage . . . *any valid agreement between the*
> *parties, or provisions thereof*, concerning the conditions of the
> maintenance of the parties . . . or establishing or imposing any
> other condition or consideration, monetary or nonmonetary.

(Emphasis added). Thus, the detailed language of Code § 20-109.1 provides the court with

jurisdiction to incorporate a valid PSA.

Incorporation of an invalid provision of the parties' PSA does not implicate a question of

subject matter jurisdiction. The Virginia Supreme Court has distinguished subject matter

jurisdiction from "'the other conditions . . . which are demanded by the unwritten or statute law

as the prerequisites of the authority of the court to proceed to judgment or decree.'" Morrison v.

Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990) (quoting Farant Investment Corp. v.

Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924)). The legislature delegated authority to

the trial courts to decide divorce matters in Code § 20-96, and to incorporate the private

agreements of parties into divorce decrees in Code § 20-109.1. Nothing in those statutes

suggests that a defect in an incorporated agreement deprives a court of subject matter

jurisdiction. Furthermore, "the relevant provisions of federal law do not divest the trial court of

subject matter jurisdiction." McLellan v. McLellan, 33 Va. App. 376, 380, 533 S.E.2d 635, 637

(2000).

Even if the incorporated provision is in violation of federal law, because the trial court

had subject matter jurisdiction, that violation does not render the judgment void, but merely

voidable. "An order issued by a court with subject matter jurisdiction, even if arguably

erroneous and thus voidable, is still a court order." De Avies, 42 Va. App. at 346, 592 S.E.2d at

353. "The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error." Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001).

> [W]here a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and . . . a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid.

Robertson v. Commonwealth, 181 Va. 520, 536-37, 25 S.E.2d 352, 358-59 (1943) (citation omitted). Except at the election of an innocent party, see e.g., Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 387 (1970), a voidable order may only be set aside by the trial court upon a timely motion to reconsider, a bill of review, an independent action brought pursuant to Code § 8.01-428(D), or by an appellate court after a timely appeal, none of which occurred in this case.

## III. CONCLUSION

For these reasons, we cannot say the trial court erred. Accordingly, we affirm the court's judgment.

Affirmed.