COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Haley
Argued by teleconference


PATRICK H. POZIOMBKE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1150-05-1                      JUDGE JAMES W. HALEY, JR.
                                                         FEBRUARY 14, 2006
SHARON M. POZIOMBKE


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                           Edward W. Hanson, Jr., Judge

          Robert N. Pritchard for appellant.

          Philip A. Liebman for appellee.


        In this cause, Patrick H. Poziombke (husband) maintains:  (1) that those provisions of a

divorce decree dealing with his military pension are void *ab initio*; and (2) that the trial court

erred in ordering indemnification of Sharon M. Poziombke (wife) for any diminution in sums

received resulting from a partial reclassification of his pension benefits as disability payments

and the continuation of payments in an undiminished amount.  The core of husband's argument

is based upon 10 U.S.C. § 1408(a)(4)(B), the Uniformed Services Former Spouses Protection

Act ("the Act"), and the decision of the United States Supreme Court in Mansell v. Mansell, 490

U.S. 581 (1989).  Wife assigns as cross-error the failure of the trial court to award interest and

attorney's fees.  Finding no error, we affirm, and we deny wife's request for an award of

attorney's fees on appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

The parties were divorced by final decree entered September 19, 1995.  The parties had not entered into any form of property settlement agreement.  The divorce decree contained the following provisions:

> ADJUDGED, ORDERED AND DECREED that the Defendant shall pay the Plaintiff immediately upon his retirement from active duty military service on the first day of the month immediately following such retirement and on the first day of each month thereafter, by military allotment, from the United States Navy Finance Center, or other appropriate United States Government Agency, a portion of his disposable monthly retirement, and/or retainer pay resulting from and/or related to his retirement and/or release from active duty military service each month, and that ("portion") hereafter called the ("martial share") shall be calculated as follows:
> The Plaintiff shall have and be paid monthly fifty percent (50%) of a fraction of the monthly disposable retirement/retainer pay, the numerator of that fraction shall be 11.5 and the denominator of that fraction shall be the total number years and months of Defendant's active duty military service up to the date of his release from such active duty service, to include the same percentage of any cost of living increases.  Should the United States Navy Finance Center or other appropriate United States Government Agency fail to pay the Plaintiff hereinafter, the Defendant shall pay the Plaintiff directly on all of his obligations under this paragraph; and it is further
> ADJUDGED, ORDERED AND DECREED that Defendant shall not take any action which would defeat, reduce, or limit Plaintiff's right to receive her share of Defendant's military pension benefits, including merging retired pay with other pensions or waiving any portion of retired pay in order to receive increased disability pay.  If Defendant breaches this provision, he shall indemnify and pay directly to Plaintiff, all sums reduced by such action, if any . . . .

When the divorce decree was entered in 1995, husband was on active duty with the military and receiving no retirement or disability payments.  The parties agree that under the formula provisions of the decree, quoted above, wife was entitled to 28.3591% of husband's "disposable retirement/retainer" benefit when received.  The final decree was entered without exception or objection.

In June 1998, husband retired and paid wife the quoted percentage of that benefit. In October 1998, husband began receiving a Veterans' Administration disability benefit, which reduced the amount of his "disposable retirement/retainer benefit" in an amount equal to the disability benefit. Thereafter husband paid wife the quoted percentage of that net benefit. At a show cause hearing on March 11, 2005, wife demonstrated that the disability payments received by husband from October 1998 through November 2004 totaled $34,988.41. She sought 28.3591% of that sum, and an order directing husband to begin paying her a sum equivalent to that which he would have received without the disability benefit conversion.

By order entered April 12, 2005, the trial court held the September 19, 1995 decree was final and that husband "shall indemnify and pay directly to the [wife] all sums to which she would have been entitled had he not taken disability payments[,] . . . as required by the Final Decree of Divorce." The trial court did not order that any such sum be paid from husband's veterans' disability benefits.

II.

ANALYSIS

A.

AUTHORITY OF COURT TO ORDER PAYMENT OF SUM
EQUAL TO HUSBAND'S MILITARY RETIREMENT PAY

Succinctly stated, in Mansell v. Mansell, 490 U.S. 581, 594-95 (1989), the United States Supreme Court held that 10 U.S.C. § 1408(a)(4)(B) denies "state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits." Husband maintains that the provisions of the September 19, 1995 decree dealing with his military pension, quoted above, are void *ab initio* as violative of the Act as interpreted in Mansell, and, thus, the decree is void *ab initio*.

Initially we note that this Court has held that a trial court effecting an equitable distribution may, without violating the Act and <u>Mansell,</u> order a party to pay a sum *equivalent to* a percentage of existing or anticipated military retirement or veterans' disability benefits, or a combination of both, via an indemnification provision ensuring such payments, as long as veterans' disability payments are not ordered to serve as the source of those payments. <u>See</u> <u>Boedeker v. Larson</u>, 44 Va. App. 508, 516-18, 605 S.E.2d 764, 768-69 (2004); <u>McLellan v. McLellan</u>, 33 Va. App. 376, 381-84, 533 S.E.2d 635, 637-39 (2002); <u>Cook v. Cook</u>, 18 Va. App. 726, 728, 446 S.E.2d 894, 895 (1994); <u>Holmes v. Holmes</u>, 7 Va. App. 472, 478, 375 S.E.2d 387, 391 (1988).

On brief, husband acknowledges this principle but cites <u>McLellan</u> and <u>Owen v. Owen</u>, 14 Va. App. 623, 419 S.E.2d 267 (1992), for the proposition that a court has such authority only if a final divorce decree incorporates *a property settlement agreement* in which a military spouse has agreed not to take any action to defeat the nonmilitary spouse's entitlement to a share of military retirement pay.

In <u>Owen</u>, we held that the parties may enter into a property settlement agreement to guarantee a particular level of income, to be determined by considering the amount of disability benefits and retirement benefits, because the agreement "does not offend the federal prohibition against a direct assignment of military disability pay." <u>Id.</u> at 628, 419 S.E.2d at 270. In <u>McLellan,</u> where husband was receiving disability benefits at the time the parties entered into a property settlement agreement, we noted that "It is clear from the agreement that husband clearly intended for wife to receive forty-two percent of his entire retirement pay. The parties drew no distinction between disability and regular retirement pay . . . [and husband could pay] . . . from whatever source he chose." <u>Id.</u> at 383-84, 446 S.E.2d at 638-39. On those facts, we affirmed the

trial court's authority to order Mr. McLellan to pay Mrs. McLellan benefits in that particular amount. Id.

Husband contends that, absent a property settlement agreement, federal law prohibited the trial court from ordering him not to take any action negatively affecting wife's right to receive her share of his military pension benefits and, as a result, that the entire decree is void *ab initio*. We disagree under the facts of this case, in which the decree specifically provided as the remedy for husband's breach that "he shall indemnify . . . [wife for] all sums reduced by such action" and husband made no objection to that provision before the decree became final.

The Act provides state courts with the authority to divide military retirement benefits "'in accordance with state [equitable distribution] law.'" Boedeker, 44 Va. App. at 516, 605 S.E.2d at 768 (quoting Brett R. Turner, Equitable Distribution of Property § 6.04, at 300 (2d ed. 1994)). "Equitable distribution in divorce cases in Virginia is a . . . creature of statute." Booth v. Booth, 7 Va. App. 22, 25, 371 S.E.2d 569, 571 (1988). Property settlement agreements are authorized by Virginia law, and in a case in which the parties have executed one, a court's equitable distribution order may not contain provisions that conflict with the agreement. See, e.g., Code §§ 20-109(C), 20-155. Nevertheless, a court's authority to equitably distribute a marital estate is not dependent on the existence of a property settlement agreement. See generally Code § 20-107.3 (setting out statutory scheme for equitable distribution); Code § 20-109(C) (setting out effect in equitable distribution case in which parties *have* executed a stipulation or agreement). With or without a property settlement agreement, state courts have the authority to divide military retirement benefits under state equitable distribution law. Further, "[i]f an indemnity provision is inserted into a divorce decree, and the service member fails to object to that provision before the decree becomes final, the indemnity provision is clearly valid under a theory of res judicata." 3 Brett R. Turner, Equitable Distribution § 6.10, at 63-64 & n.4 (3d ed.

2005) (citing <u>Danielson v. Evans</u>, 36 P.3d 749 (Ariz. Ct. App. 2001), in which decree expressly reserved jurisdiction to compensate wife if husband took action that diminished amount of wife's award and court held provision enforceable under res judicata); <u>see</u> <u>id.</u> § 6.9, at 60 & n.2 (citing <u>Mansell</u>, 490 U.S. at 587 n.5, for this proposition and noting "strong majority of state court cases likewise hold that military benefits of all sorts can be divided under the law of res judicata"). Thus, the absence of a property settlement agreement affirmed, ratified, and incorporated in the decree lacks legal significance at this stage of these proceedings.[1]

We conclude, therefore, that the decree is not void *ab initio* and that the court's order to husband to comply with the decree's indemnification provision was not error.

B.

POST-DECREE INTEREST

The final order in the show cause proceeding directed husband to "indemnify and pay directly to [wife] all sums to which she would have been entitled had [husband] not taken the disability benefits." Wife seeks interest on those sums at the judgment rate set forth in Code § 6.1-330.54, pursuant to the provisions of Code § 8.01-382 providing for interest on judgments or decrees.

---

[1] Here, the language of the decree included the provision at issue, ordering husband not to take action to negatively impact wife's entitlement to receive a share of his military pension, as a condition precedent to husband's duty to indemnify wife, in order to guarantee wife a particular level of income, and the court applied the provision only in this context. We need not decide whether breach of such a provision would support some other action, such as a finding of contempt, without running afoul of the Act or <u>Mansell</u> or how the presence or absence of a property settlement agreement might impact such a case. We conclude only that the specific language in the decree at issue in this case did not render the entire decree or the indemnification provision void *ab initio*. <u>See</u> 3 Turner, <u>supra</u>, § 6.10, at 67-68 (opining that "a state court cannot actually order a service member not to waive his military retirement benefits in favor of disability or other replacement benefits" and that "[s]uch an order probably violates federal law" but that such an order is unnecessary because a court may "order the service member to *compensate* the former spouse for any harm caused by the election, and not to order the service member not to make the election in the first place").

In Ragdsale v. Ragsdale, 30 Va. App. 283, 293, 516 S.E.2d 698, 703 (1999), this Court noted that an award of a portion of a marital asset under Code § 20-107.3 entitles one "to post-decree interest on [the] equitable distribution award as a matter of law." See Dairyland Ins. Co. v. Douthat, 248 Va. 627, 449 S.E.2d 799 (1994). However, in Shackelford v. Shackelford, 39 Va. App. 201, 212, 571 S.E.2d 917, 922 (2002), we held that "Code § 20-107.3(D) further explains, 'The provisions of § 8.01-382 . . . shall apply *unless* the court orders otherwise.'"

In this case, the trial court's order specifically denied the requested interest on the indemnification sums, thereby "order[ing] otherwise" in accordance with Code § 20-107.3(D). We affirm the trial court's ruling on this issue.

C.

ATTORNEY'S FEES

Wife asserts the trial court erred in not awarding her attorney's fees. "We are guided by the principle that '[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Bruemmer v. Bruemmer, 46 Va. App. 205, 212, 616 S.E.2d 740, 743 (2005) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). Circumstances for consideration in the exercise or abuse of discretion include the following: (1) the failure of the trial court to consider statutory factors in equitable distribution, Rowe v. Rowe, 24 Va. App. 123, 139, 480 S.E.2d 760, 767 (1997); (2) a trial court's error of law, Mina v. Mina, 45 Va. App. 215, 222, 609 S.E.2d 622, 626 (2005); (3) the failure of the trial court to consider or act upon evidence presented as to the relative financial resources of the parties, Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987)[2]; (4) the existence of a PSA or prior decree providing for attorney's fees upon specified conditions, O'Hara v. O'Hara, 45 Va. App. 788, 799, 613 S.E.2d 859, 864-65 (2005);

---

[2] See also Poliquin v. Poliquin, 12 Va. App. 676, 681, 406 S.E.2d 401, 405 (1991).

or (5) where a party has unnecessarily prolonged or compounded the litigation, <u>Northcutt v. Northcutt</u>, 39 Va. App. 192, 200-02, 571 S.E.2d 912, 916 (2002).[3]

The measure of "a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record." <u>Westbrook v. Westbrook</u>, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988). "Given the unique equities of each case, our appellate review steers clear of inflexible rules and focuses instead on 'reasonableness under all the circumstances.'" <u>Kane v. Szymczak</u>, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting <u>Joynes v. Payne</u>, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)); <u>see also</u> <u>Mullin v. Mullin</u>, 45 Va. App. 289, 304-05, 610 S.E.2d 331, 338 (2005). Applying the standard of reasonableness, and noting the absence of those circumstances set forth above, we find that the trial court did not abuse its discretion in failing to award wife attorney's fees.

Wife also seeks an award of attorney's fees on appeal. We decline that request for fees.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

<u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the record in this case, we hold husband's position was not so unreasonable as to entitle wife to an award of attorney's fees incurred in this appeal. <u>See</u> <u>Estate of Hackler v. Hackler</u>, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004) ("[W]e find the litigation addressed appropriate and substantial issues and that [husband did not] generate[ ] unnecessary

---

[3] <u>See also</u> <u>Smith v. Smith</u>, 43 Va. App. 279, 290, 597 S.E.2d 250, 256 (2004), and <u>Blackson v. Blackson</u>, 40 Va. App. 507, 527-28, 579 S.E.2d 704, 714 (2003).

delay or expense in pursuit of [his] interests.").  Therefore, we deny wife's request for an award

of fees on appeal.

<u>Affirmed.</u>