**Salem**

MARTHA KIRKPATRICK LAMBERT

v.

ELDON DWAIN LAMBERT

No. 0215-89-3

Decided July 31, 1990

■■■■■■■■■■■■■■■■
■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■

COUNSEL

Jonathan M. Apgar (Willis, Damico & Apgar, on brief), for appellant.

No appearance for appellee.

OPINION

**KOONTZ, C.J.**—Martha Kirkpatrick Lambert appeals an equitable distribution decision of the Circuit Court of Roanoke County awarding her one-half of the equity in the marital home and ruling that Mr. Lambert's military disability benefits were separate property not subject to equitable distribution. She also appeals from the trial court's ruling denying her spousal support. Mrs. Lambert argues that: (1) the trial court erred in ruling that Mr. Lambert's disability benefits were separate property; (2) erred in failing to award spousal support; and (3) erred by equally dividing the equity in the marital home between the parties. We find that the trial court did not err in classifying Mr. Lambert's military disability benefits as separate property or in equally dividing the equity in the marital home. We also find, however, that the trial court failed to consider the disability payments and improperly considered the award of child support in determining that Mrs. Lambert was not entitled to spousal support.

The pertinent facts in this case are not in dispute. Mr. Lambert incurred a head injury while serving with the Marine Corps in Vietnam in 1967. He was medically retired in 1968 and has not worked since 1969. He met Mrs. Lambert in 1968 and they began living together in December of that year. In September, 1970, Mr. Lambert applied to the Veteran's Administration (V.A.) for compensation for full permanent disability from his injury. Mr. and Mrs. Lambert were married in January, 1971. They have two children. Mr. Lambert was awarded compensation for his injury in March, 1971. Mr. Lambert's V.A. disability compensation and social security disability income were the main source of income

for the family during the marriage. Mrs. Lambert works full-time as a clerk/typist for the V.A. Regional Office and also receives an additional government check for $270 each month.

The parties were divorced in December, 1987 and an equitable distribution hearing was held in August, 1988. In its letter opinion, the trial court ruled that the equity in the marital home should be divided equally. The trial court further ruled that Mr. Lambert's military disability benefits were not marital assets but were his separate property since his disability arose in 1967 and his right to compensation therefor preceded his relationship with and marriage to Mrs. Lambert. The trial court awarded Mrs. Lambert child support of $465 per month, representing one-half of the real estate mortgage payment, plus $100. The court found that Mrs. Lambert was not precluded from spousal support but that she had not shown any need for support. In making this determination, the court took into account her income from her full-time employment, the government check which she receives, and the amount of child support ordered.

## I.

The issue of how veterans' disability benefits should be classified under Code § 20-107.3 is a case of first impression in Virginia. We begin our analysis with several well settled principles in mind. First, "[t]he character of property classified pursuant to Code § 20-107.3(A) is initially ascertained as of the date that it is acquired." *Wagner v. Wagner*, 4 Va. App. 397, 404, 358 S.E.2d 407, 410 (1987). Also, when property is acquired during the marriage, it is presumed to be marital property in the absence of satisfactory evidence that it is separate property and the party claiming property as separate has the burden of overcoming this presumption. *See Bowers v. Bowers*, 4 Va. App. 610, 359 S.E.2d 546 (1987); *Rexrode v. Rexrode*, 1 Va. App. 385, 339 S.E.2d 544 (1986). A trial court "may not arbitrarily refuse to classify or evaluate marital or separate property where sufficient evidence to do so is in the record." *Bowers*, 4 Va. App. at 618, 359 S.E.2d at 551. We have previously held that retirement pensions, including military pensions, are clearly contemplated as personal property subject to division as marital property under Code § 20-107.3. *Mitchell v. Mitchell*, 4 Va. App. 113, 120, 355 S.E.2d 18, 22 (1987). However, veterans' disability benefits are a different mat-

ter, and their status as marital or separate property had not previously been decided under Virginia law at the time of the trial court's decision in this case.

In other states, there has been a split of authority regarding the classification status of disability pensions in general as marital or separate property. Prior to the Supreme Court's recent decision in *Mansell v. Mansell*, 490 U.S. 581 (1989), there was no clearly established majority view. *See generally* Annotation, *Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses*, 94 A.L.R.3d 176 (1979). *Mansell* firmly established the principle that the federal Uniformed Services Former Spouses Protection Act (the Act), 10 U.S.C. § 1408 (1982 & Supp. V 1988), preempts the application of state community property or equitable distribution laws to military retirement pay that is waived by a retiree in order to receive veterans' disability benefits. Section 1408(a)(4) expressly excludes veterans' disability benefits from its Congressional grant to states of the limited right to divide the "disposable retired or retainer pay" of a member of the armed forces. *See, e.g., In re Marriage of Costo*, 156 Cal. App. 3d 781, 203 Cal. Rptr. 85 (1984); *King v. King*, 149 Mich. App. 495, 386 N.W.2d 562 (1986).

When military disability benefits are received in lieu of retirement pay, or veterans' disability benefits administered by the V.A. are received according to the required waiver of an equal amount of military retirement pay, the benefits are not subject to division by the state courts under the Act. *See* 10 U.S.C. §§ 1201, 1408(a)(4); 38 U.S.C. § 3105. *See also Mansell*, 490 U.S. at 594-95 (1989); *Repash v. Repash*, 148 Vt. 70, 528 A.2d 744 (1987); *Patrick v. Patrick*, 693 S.W.2d 52 (Tex. Ct. App. 1985). In addition, V.A. benefits, unlike military disability retirement pay, are nonassignable, are exempt from the claims of creditors and are not liable to attachment, levy, or seizure under any legal or equitable process. 38 U.S.C. § 3101(a). However, the value of V.A. disability benefits, while not included as part of the marital estate, may be considered as a source of income of the disabled spouse in awarding spousal support or child support. *See, e.g., In re Marriage of Costo*, 156 Cal. App. 3d at 788 n.12, 203 Cal. Rptr. at 90 n.12; *Christmas v. Christmas*, 787 P.2d 1267, 1268 (Okla. 1990); *Repash v. Repash*, 148 Vt. at 72, 528 A.2d at 745.

Accordingly, although the trial court in this case based its determination that Mr. Lambert's military disability benefits were his separate property and thus not subject to equitable distribution under Code § 20-107.3 on different grounds, we affirm that determination for the reasons stated above.

## II.

■ Mrs. Lambert also argues that the trial court erred in failing to award her spousal support. The determination of entitlement to spousal support is a matter within the discretion of the trial court and when the record discloses that the court has considered all of the statutory factors, its ruling will not be disturbed on appeal absent a clear abuse of discretion. *See Calamos v. Calamos*, 4 Va. App. 96, 100, 354 S.E.2d 102, 105 (1987). All of the statutory factors enumerated in Code § 20-107.1 must be considered by the court in reaching its decision. *See Gibson v. Gibson*, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988); *Ray v. Ray*, 4 Va. App. 509, 514, 358 S.E.2d 754, 756 (1987).

The court's letter opinion states that "Mrs. Lambert is not precluded from receiving spousal support but. . . I do not find that Mrs. Lambert has shown a need for spousal support taking into consideration her current income from her employment, the separate Government check which she receives *and the child support which is herein ordered*." (emphasis added). The court ordered child support in the amount of $465 per month, representing one-half of the real estate mortgage payment and an additional $100. While Mrs. Lambert's income from her employment and the monthly government check were properly considered under Code § 20-107.1 as evidence of her financial resources, the child support ordered by the court was not a proper factor for consideration in determining her need for spousal support. In addition, the trial court should have taken into consideration Mr. Lambert's income from his disability benefits when deciding the issue of spousal support. The court's opinion does not indicate whether this was done, although the award of child support raises the inference that the disability benefits were considered as income with respect to that award.

■ Child support and spousal support are separate and distinct obligations based on different criteria. Spousal support is awarded according to the relative needs and abilities of both parties in accordance with the factors set forth in Code § 20-107.1. *See Thomasson v. Thomasson*, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983); *Dukelow v. Dukelow*, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986). Child support is an obligation of both parents during the child's minority and an award of child support upon divorce is determined according to the factors enumerated in Code § 20-107.2. *See Young v. Young*, 3 Va. App. 80, 348 S.E.2d 46 (1986). As noted above, disability benefits, even though classified as separate property, are properly considered as income for purposes of determining both spousal and child support. Although many of the factors considered in determining spousal support and child support are identical and both types of support are generally awarded to the same spouse, the awards are designated for different purposes. We therefore find that the trial court erred by considering the $465 per month ordered as child support as a factor in determining spousal support, except insofar as it constituted an "obligation" of Mr. Lambert pursuant to Code § 20-107.1(1).

## III.

■ Finally, Mrs. Lambert asserts that the trial court erred in dividing the equity in the marital home equally between the parties. We disagree. Although there is no presumption favoring equal division of marital property, *Papuchis v. Papuchis*, 2 Va. App. 130, 341 S.E.2d 829, 831 (1986), a court is not constrained from making an equal division if it finds it appropriate to do so upon consideration of the factors set forth in Code § 20-107.3(E). *Williams v. Williams*, 4 Va. App. 19, 22, 354 S.E.2d 64, 65 (1987); *Robinette v. Robinette*, 4 Va. App. 123, 129, 354 S.E.2d 808, 811 (1987). Our review of the record does not persuade us that the trial court abused its discretion by equally dividing the equity in the marital home in this case.

In summary, we affirm the classification of the V.A. disability benefits as separate property and the equal division of the equity

in the marital home, but reverse and remand the case for further consideration of the issue of spousal support consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Moon, J., and Willis,, J. concurred.