COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MICHAEL KEITH LAYNE

v.   Record No. 2477-94-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
LORETTA GOODMAN LAYNE                         JUNE 20, 1995


                                        FROM THE CIRCUIT COURT OF
THE CITY OF VIRGINIA BEACH
                   Edward W. Hanson, Jr., Judge

          (Robert L. Bohannon; Bohannon, Bohannon & Hancock, on
          brief), for appellant.

          (Allen J. Gordon, on brief), for appellee.



     Michael Keith Layne (husband) appeals the decision of the

circuit court awarding spousal support to Loretta Goodman Layne

(wife).  Husband argues that the trial court erred in accepting

the commissioner's recommendation that wife receive $400 a month

in spousal support.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

     The evidence was heard by a commissioner in chancery, who

forwarded his recommendations to the trial court.  The trial

court confirmed the commissioner's report with minor changes.

"The decree confirming the commissioner's report is presumed to

be correct and will not be disturbed if it is reasonably

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

supported by substantial, competent, and credible evidence."

Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652

(1985).  In reviewing the determination of spousal support, we

note that

> the chancellor must consider the relative
> needs and abilities of the parties.  He is
> guided by the nine factors that are set forth
> in Code § 20-107.1.  When the chancellor has
> given due consideration to these factors, his
> determination will not be disturbed on appeal
> except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829

(1986).

The commissioner's report noted that husband had been the

major wage earner, and had substantial experience as a mechanic.

Although husband had a history of cardiac problems, his general

health was good.  Wife's employment history was limited, and her

health was problematic.  Wife had custody of the couple's

children and lived with her parents.  Husband lived in a camper

with his girlfriend.

The commissioner also determined, based upon the testimony

of the parties, that husband earned approximately $1,950 per

month and had expenses of $1,800.  Wife earned approximately $780

per month and had expenses of $1,400.

Husband does not contest the factual determinations, but

argues that the order leaves him with insufficient funds to pay

his bills, as the commissioner failed to consider his net, rather

than gross, salary.  However, the commissioner gave due

2

consideration to the statutory factors, including the parties' health, financial resources, relative earning capacities and needs, and the duration of the marriage.  Moreover, wife's entitlement to spousal support is independent of the parties' obligation to support their minor children.  "Child support and spousal support are separate and distinct obligations based on different criteria."  Lambert v. Lambert, 10 Va. App. 623, 629, 395 S.E.2d 207, 210 (1990).

We cannot say the trial court abused its discretion by confirming the commissioner's report.  Accordingly, the decision of the circuit court is affirmed.

Affirmed.