COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DAVID STEWART JONES
                                        MEMORANDUM OPINION<sup>*</sup>
v.    Record No. 0139-97-3                 PER CURIAM
                                          JULY 1, 1997
ARLEEN CATHERINE JONES


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                   Mosby G. Perrow, III, Judge

          (Gregory P. Cochran; Caskie & Frost, on
          brief), for appellant.

          (James G. Hunter, III; Jennifer E. Stille;
          O'Keeffe & Spies, on brief), for appellee.


     David Stewart Jones (husband) appeals the equitable

distribution decision of the circuit court.  Husband contends

that the trial judge erred in (1) setting the amount of monthly

spousal support paid to Arleen Catherine Jones (wife); (2)

awarding wife a fifty percent interest in Advertising Design,

Inc.; and (3) failing to value and allocate the parties' personal

property and household furnishings.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  Rule 5A:27.

                         <u>Spousal Support</u>

     "The determination whether a spouse is entitled to support,

and if so how much, is a matter within the discretion of the

     <sup>*</sup>Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[trial judge] and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). In determining an award of spousal support, the trial judge must consider the factors listed in Code § 20-107.1. See Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). The trial judge, however, is not required to quantify or elaborate what weight or consideration it has given to each factor, as long as the judge's findings have support in the evidence presented. See Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

Wife presented evidence that she had monthly expenses of $3,466, monthly earnings of $1,625, and monthly shortfalls of approximately $2,000. The trial judge awarded wife $1,500 in monthly spousal support. In light of wife's needs and husband's ability to pay, we find no error.

The trial judge considered the statutory factors, which include "provisions made with regard to the marital property under Code § 20-107.3." The award of spousal support was made contemporaneously with the trial judge's determination of the value of the parties' marital assets and division of that value. The record does not support the husband's argument that the trial judge failed to consider the statutory factors.

Husband argues that the "total" amount of monthly support, including child support, is excessive. That argument is without merit. The amount of child support awarded is not a statutory

factor to be considered by the trial judge when determining spousal support.  See Lambert v. Lambert, 10 Va. App. 623, 628-29, 395 S.E.2d 207, 210 (1990).  Accordingly, we hold that the trial judge's award of support is supported by the record and was not an abuse of discretion.

Advertising Design, Inc.

The parties agreed that Advertising Design, Inc. was a marital asset.  The parties did not agree on the value of the business, and both parties presented evidence as to its worth. The trial judge valued the business at $175,000, well within the estimates of $159,000 and $238,958 presented by the parties' experts.

The record indicates that the parties agreed to an equal division of their marital assets, except for Advertising Design, Inc.  While there is no presumption favoring equal division of marital property in Virginia, see Alphin v. Alphin, 15 Va. App. 395, 404, 424 S.E.2d 572, 577 (1992), neither does an equal division demonstrate error.

In this instance, although husband was the primary wage earner throughout most of the marriage, the parties jointly assumed the risks associated with husband's business.  Marital assets, including the home, were posted as collateral for business loans.  The parties worked as a unit for many of their years of marriage.

We find no error in the trial judge's award of fifty percent

3

of the value of the business to the wife.

## Personal Property

Husband contends that the trial judge erred in failing to value and allocate the parties' personal property and household furnishings. The record indicates that husband's sole evidence regarding these items was his estimate that unspecified "household furnishings" were worth $5,000.

> The litigants have the burden to present evidence sufficient for the court to discharge its duty. When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question. "[T]he burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made . . . ."

Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987). Husband failed to present sufficient evidence from which the trial judge could determine the items to be distributed and their value. Therefore, the trial judge did not err in failing to distribute or value these unspecified items.

Accordingly, the decree is summarily affirmed.

Affirmed.

4