COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

LULA MAE WILLIAMS HALL

v.   Record No. 2236-97-2

RONALD HAYWOOD HALL

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 10, 1998

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
John F. Daffron, Jr., Judge

(Morton B. Spero, on brief), for appellant.

(Louis A. Rosenstock, III, on brief), for
appellee.


Lula Mae Williams Hall appeals the decision of the circuit
court denying her petition for spousal support from her former
husband, Ronald Haywood Hall.  Wife contends that the trial court
erred by failing to order husband to pay spousal support despite
finding a material change in circumstances.  In his response,
husband contends that the trial court erred by failing to award
him attorney's fees.  Upon reviewing the record and briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the decision of the trial court.
 See Rule 5A:27.

### Spousal Support

Wife did not receive spousal support under the parties'
final decree of divorce, but the trial court reserved her right

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to seek support in the future.  As the party seeking a modification in spousal support under Code § 20-109, wife was required "to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  A change in circumstances alone does not require a modification in support.  See Layman v. Layman, 25 Va. App. 365, 367-68, 488 S.E.2d 658, 659 (1997).

The trial court found that there had been a material change in circumstances since the entry of the final decree.  That finding is supported by the evidence.  Husband received custody of the parties' children in 1995.  Wife no longer received $968.37 in monthly child support and was obligated to pay $413 in child support.

While the trial court found that these facts demonstrated a material change in circumstances, it ruled that the change did not warrant a modification in wife's spousal support.  We agree.  Child support is an obligation of both parents and is intended to benefit the child, not the custodial parent.  See Lambert v. Lambert, 10 Va. App. 623, 629, 395 S.E.2d 207, 210 (1990). "Child support and spousal support are separate and distinct obligations based on different criteria."  Id.  "In light of this principle, a change in child support cannot be deemed a circumstance 'material' to a support award."  Head v. Head, 24 Va. App. 166, 178, 480 S.E.2d 780, 786 (1997) (footnote omitted).

2

The trial court did not err in denying wife a change in spousal support based upon the change in child support.

Wife also alleged that the $3,744 increase in husband's annual income since 1994 was a material change in circumstances. Wife's salary remained unchanged. The trial court did not find the change in husband's income significant enough to warrant a change in spousal support. This finding is also supported by the evidence.

### Attorney's Fees

Husband appeals the trial court's denial of his attorney's fees. An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). The trial court, noting that wife was proceeding pro se when she filed multiple support petitions, did not find that she intended to harass husband. Wife earned less money than husband and her monthly expenses had increased. We cannot say that the trial judge abused his discretion by denying husband's request for attorney's fees.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.