COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


RANDALL V. PHELPS, SR.
                                            MEMORANDUM OPINION[*]
v.   Record No. 1155-98-1                       PER CURIAM
                                            DECEMBER 22, 1998
DORIS CAROL POWELL PHELPS


                FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                        Rodham T. Delk, Jr., Judge

                (Cheshire I'Anson Eveleigh; Wolcott, Rivers,
                Wheary, Basnight & Kelly, on brief), for
                appellant.

                (W. Jeffrey Overton; Ferguson, Rawls,
                MacDonald, Overton & Grissom, on brief), for
                appellee.


        Randall V. Phelps, Sr. (husband) appeals the decision of the

circuit court awarding Doris Carol Powell Phelps (wife) $750 in

permanent monthly spousal support.  Husband contends that the

trial court abused its discretion in awarding wife spousal

support.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule

5A:27.

        On appeal,
                [u]nder familiar principles we view [the]
                evidence and all reasonable inferences in the
                light most favorable to the prevailing party
                below.  Where, as here, the court hears the
                evidence ore tenus, its finding is entitled
                to great weight and will not be disturbed on
                appeal unless plainly wrong or without

_____
        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

evidence to support it.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

In a Stipulation Agreement signed in 1987, the parties agreed that husband would pay wife monthly "temporary spousal support" of $200 until July 1, 1989.  The trial court ruled that the agreement did not bar wife from seeking permanent spousal support, because its plain language addressed only temporary spousal support.  Husband does not challenge the court's interpretation of the agreement, but contends that the court failed to properly weigh the statutory factors and wife's need for support.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).  "In fixing the amount of the spousal support award, a review of all of the factors contained in Code § 20-107.1 is mandatory, and the amount awarded must be fair and just under all of the circumstances . . . ."  Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). "[W]hen the record discloses that the [trial] court has considered all of the statutory factors, its ruling will not be disturbed on appeal absent a clear abuse of discretion."  Lambert v. Lambert, 10 Va. App. 623, 628, 395 S.E.2d 207, 210 (1990).

The parties were married in 1984, but wife moved from the marital home in 1987. Despite the relatively short period of cohabitation, the evidence indicated that the parties continued to entertain the possibility of reconciliation and held themselves out as married for almost ten years. They traveled together on husband's business trips, vacationed together as a family with their child, and continued a sexual relationship. The trial court found that wife continued to contribute to the marriage and husband's business, although husband denied that wife's employment aided the business. Wife's proffer indicated she had gross monthly income of $600, with expenses of $1,666. Husband's proffer listed his gross monthly income as $11,000, with total expenses of $8,032. While husband alleged that wife was underemployed, wife indicated she and husband agreed that she would homeschool the parties' child. The trial court found that wife decided against seeking pendente lite spousal support after the agreed temporary spousal support payments ceased because she hoped to reconcile with husband.

The record demonstrates that the trial court considered the evidence and the statutory factors and made its award based upon wife's needs and husband's ability to pay. We cannot say that the award of $750 in monthly spousal support was an abuse of discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

- 3 -

<u>Affirmed</u>.