COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


JON THOMAS DEGA

v.        Record No. 1831-08-4

DEBRA ANN VITUS                              MEMORANDUM OPINION[*] BY
                                              JUDGE WILLIAM G. PETTY
DEBRA ANN VITUS                                    JUNE 23, 2009

v.        Record No. 1800-08-4

JON THOMAS DEGA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Jr., Judge

Thomas Woehrle (Woehrle & Franklin, on briefs), for Jon Thomas
Dega.

Katherine D. Carlo (Lowe & Carlo, on briefs), for Debra Ann Vitus.


Jon Thomas Dega (husband) appeals the trial court's final support order, alleging that the

trial court erred in its calculation of spousal support. Debra Ann Vitus (wife), also appeals, arguing

that the trial court erred in its determination of both child support and spousal support because it did

not impute income to husband. These appeals were consolidated on the parties' motion by an order

of this Court. For the reasons explained below, we affirm the trial court's decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of these appeals.

Wife filed for divorce following the parties' separation on November 24, 2004. After the parties entered into a property settlement agreement, they proceeded to trial on the issues of spousal support and child support. On September 20, 2006, the trial court entered a final decree of divorce dissolving the parties' marriage and awarding wife spousal support and child support. As a part of that order, the trial court found that husband had earnings of $140,000 per year including, *inter alia*, his $100,000 per year salary from the business that he owned, Springfield Motor Sport, and income from rental property.

Husband appealed from the final decree, and we determined that the trial court erred when assessing husband's income from rental property by failing to consider mortgage payments made on the rental property from the rental proceeds. See Dega v. Vitus, No. 2512-06-4 (Va. Ct. App. Aug. 14, 2007). Husband did not challenge the trial court's other findings as to his income. We remanded the case to the trial court for "a recalculation of child support under the guidelines and reconsideration of spousal support." Id.

On remand, the trial court not only recalculated child and spousal support from the date the complaint was filed up through the date of the original final decree, but also fixed prospective support awards based on the circumstances in existence at the time of the hearing on remand. In doing so, the trial court heard evidence regarding the changes to the parties' circumstances from the time of the original 2006 order until the 2008 hearing on remand, and determined that the parties had shown "several material changes in circumstances . . . during this

period which must be taken into account when determining the appropriate amount of spousal support to award."

The trial court based its spousal support determination on the factors listed in Code § 20-107.1(E). After making specific findings as to each factor, the trial court found that wife was entitled to spousal support.

In accordance with the mandate of Dega I, the trial court entered spousal support awards for two distinct periods: first, the trial court re-determined husband's income from December 9, 2005 (the date of the *pendente lite* order) to September 20, 2006 (the date of the final divorce decree). The trial court determined that husband's monthly income during that time was $7,716, and "[t]aking into account both [husband's] ability to pay and [wife's] considerable needs," set spousal support for that period at $2,976 per month. The trial court entered a lump sum award pursuant to Code § 20-107.1(C) for that period, totaling $27,904. Second, the trial court also awarded retroactive spousal support for the period from June 24, 2005 (the date wife filed her bill of complaint for divorce) through December 9, 2005, in the total lump sum amount of $16,243.20

Then, based on the parties' concessions that there had been material changes in their circumstances since the date of the original final order, including the termination of husband's employment, the trial court considered the appropriate amount of spousal support from the date of that order. The trial court determined that husband's rental property had earned less income than it had in earlier years, and found that his salary decreased from "not less than $100,000 to approximately $75,000." The trial court accordingly entered a lump sum retroactive award of $8,875 for the period from September 21, 2006 until April 30, 2008, and a prospective spousal support award of $750 per month based on the parties' financial resources and obligations at the time of the hearing on remand.

Based on the same determinations of income that it used for its spousal support calculation, the trial court also awarded child support retroactive to the date of the filing of the complaint. The trial court determined that husband had a child support arrearage of $2,466, and ordered that it be paid by July 1, 2008. The court also entered a prospective child support award of $1,683 per month payable by husband. Following the trial court's denial of both parties' motions to reconsider, these appeals followed.

II.

A. Husband's Appeal

Husband argues that the trial court abused its discretion when it included in its factual findings information relating to wife's care of the children. We disagree.

A trial court has "'broad discretion'" in awarding spousal support. Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 863 (2008) (quoting Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998)). The trial court "'must consider all the factors enumerated in Code § 20-107.1(E)'" in making a spousal support award, Id. at 846, 667 S.E.2d at 863 (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)), but need not "quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors," Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 442, 426 (1986). In reviewing husband's challenge to the spousal support award, we view the facts and all of the reasonable inferences flowing from those facts in a light most favorable to wife, the party prevailing on this issue below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).

Spousal support and child support are two distinct remedies that must be tailored to meet two different interests: the spouse's needs and the children's needs.

> Spousal support is awarded according to the relative needs and
> abilities of both parties in accordance with the factors set forth in
> Code § 20-107.1. Child support is an obligation of *both parents*
> during the child's minority and an award of child support upon

- 4 -

divorce is determined according to the factors enumerated in Code § 20-107.2.

Lambert v. Lambert, 10 Va. App. 623, 629, 395 S.E.2d 207, 210 (1990) (internal quotation marks and citations omitted).  "Collapsing" child support and spousal support "together for purposes of an aggregate award misapprehends this distinction, and constitutes an abuse of discretion as a matter of law."  Robbins v. Robbins, 48 Va. App. 466, 484, 632 S.E.2d 615, 624 (2006) (internal quotation marks and citations omitted).

Here, the trial court's April 2007 opinion letter set forth an analysis of each of the Code § 20-107.1(E) factors and contained a thorough discussion of the parties' financial needs, obligations, and ability to pay.  The trial court concluded its analysis by noting that:

> It is plain from the evidence that Ms. Vitus requires financial support.  *She has primary physical custody of the parties' four children.*  She pays a total of three mortgages on two properties, and owes over $50,000 in personal debts.  *She often uses gift cards donated by her church to purchase groceries, and relies exclusively on hand-me-down clothes for the children.*  Meanwhile, Mr. Dega is responsible for caring only for himself and earns almost twice as much money as Ms. Vitus.  Under these circumstances, I conclude Ms. Vitus is entitled to spousal support.

(Emphasis added).

Husband argues that this statement indicates that the trial court impermissibly considered the children's needs in awarding spousal support.  On appeal, however, "we will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  The trial court's opinion letter, read as a whole, shows that the trial court correctly considered each of the statutory factors –

including the first factor: the obligations, needs, and financial resources of the parties.[1] Moreover, under "Factor 13 – Additional Factors" the trial court recorded in its opinion letter that "none were considered." The evidence adduced at trial amply supported those findings. Accordingly, we cannot say that the trial court abused its discretion in setting the amount of the spousal support award.

## B. Wife's Appeal

Wife argues that the trial court erred in its determination of both child support and spousal support because it did not impute income to husband after his voluntary sale of his business and resultant loss of income. Because wife did not make this specific argument before the trial court, we hold that this issue was procedurally defaulted. We therefore affirm the trial court.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Thus, we will not consider a claim of trial court error as a ground for reversal when the party seeking reversal failed to make a specific, timely objection in the trial court. Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998); see also Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("The Court of Appeals will not consider an argument on appeal [that] was not presented to the trial court."); Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) ("Under [Rule 5A:18], a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." (citing Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987))).

---

[1] We also note that wife's obligation of support to her children is a legitimate financial obligation that the trial court may consider in setting spousal support awards. See Robbins, 48 Va. App. at 485, 632 S.E.2d at 624.

The purpose behind Rule 5A:18 is to require parties "'to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Ludwig v. Commonwealth, 52 Va. App. 1, 10, 660 S.E.2d 679, 683 (2008) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*)). Accordingly,

> [a]n error is sufficiently preserved for consideration on appeal if a party "at the time of the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take *or* his objections to the action of the court and his grounds therefor."

Parker v. Commonwealth, 14 Va. App. 592, 595, 421 S.E.2d 450, 452 (1992) (quoting Code § 8.01-384).

Here, while wife did argue in the trial court that husband should have income imputed to him, she based her argument on deposits into husband's bank account during the relevant time that could not be explained by husband's pay stubs or unemployment benefits, as the case may be, during the same time period. On appeal, however, she argues that the trial court erred by failing to impute to him the same amount of income that it found in the original proceeding below. These arguments are factually distinct. We will not address a new argument for the first time on appeal.

## C. Attorney's Fees

Both of the parties in these appeals requested an award of attorney's fees and costs incurred in connection with these appeals. We have held:

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Applying these principles here, we hold that neither party is entitled to attorney's fees in this case because neither party prevailed on appeal.

III.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.