COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Huff and Senior Judge Clements


JOHN L. HARNOIS, SR.
                                                        MEMORANDUM OPINION[*]
v.      Record No. 1571-10-1                                PER CURIAM
                                                         OCTOBER 11, 2011
SARA F. RILEY-HARNOIS


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Edward W. Hanson, Jr., Judge

            (John L. Harnois, Sr., *pro se*, on brief).

            No brief for appellee.


        John L. Harnois, Sr. appeals from the trial court's rulings regarding his divorce and

equitable distribution. Appellant lists twenty-two assignments of error.[1] Upon reviewing the

record and appellant's brief, we conclude that this appeal is without merit. Accordingly, we

summarily affirm the decision of the trial court. See Rule 5A:27.

                                    BACKGROUND

        On February 14, 2008, the trial court entered a final decree of divorce, which awarded a

divorce to appellee based on living separate and apart for more than one year, and reserved the

issues of custody, visitation, child support, spousal support, equitable distribution, and attorney's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also lists thirty-three questions presented. Effective July 1, 2010, Rule 5A:20(c) was revised to state that an appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not consider the additional issues listed as questions presented. We find that this failure to comply with Rule 5A:20 is significant. Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

fees for "future determination." On July 9, 2010, the trial court entered orders regarding the marital residence, custody and visitation, child support and spousal support, debts, personal property, and attorney's fees. Appellant filed numerous post-trial motions, all of which the trial court denied.[2] This appeal followed.[3]

## ANALYSIS

Appellant argues that the trial court made numerous errors in how it proceeded with the case and how it ruled in its final orders. "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

### Issue #1 – Fault

In his first assignment of error, appellant argues that the trial court erred in granting the divorce based on living separate and apart for one year, as opposed to adultery. The trial court entered the final decree of divorce on February 14, 2008. Appellant did not appeal that order; therefore, it is a final order. Rule 1:1.

Appellant also argues that the trial court erred by not considering appellee's fault in the divorce when determining equitable distribution. However, this argument was not presented to

---

[2] Appellant filed a motion asking the trial court to reconsider its final rulings; however, he did not present or secure the entry of an order suspending the finality of the July 9, 2010 order. Rule 1:1. Noting this, on September 29, 2010, the trial court entered an order denying the motion. That ruling is not appealed. Therefore, we consider the case on the record as of July 9, 2010 and the final orders entered on that date.

[3] Appellant filed a motion with this Court requesting that he be allowed to file a new or amended brief in order to include additional assignments of error. That motion is denied. Appellant also filed a motion to reconsider our previous ruling, in which we denied his request for a guardian *ad litem* and/or committee and his request for a copy of the complete record. See Harnois v. Harnois, Record No. 1571-10-1 (May 10, 2011). That motion is also denied.

the trial court, so we will not consider it.  See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Issue #2 – Motion for continuance

Appellant argues that the trial court erred by denying his motion for continuance and failed to consider his competency.

Appellant's counsel moved to continue the final hearing due to appellant's pending criminal trial and questions regarding appellant's competency.  The final hearing in the divorce case was scheduled for December 5, 2007.  In 2005, appellant was convicted of two violations of a protective order and one charge of misdemeanor assault[4] against appellee, and a felony for abduction.  Appellant was scheduled to be released on these charges on March 11, 2008.  However, while in prison, appellant was charged with trying to hire another inmate to kill appellee and a friend of hers.  The charge regarding appellee's friend was dismissed, but the charge regarding appellee was scheduled to be heard on January 17, 2008.  Appellant's counsel asked that the final hearing in the divorce be continued until after March 11, 2008, so that the criminal case would have concluded and appellant would be out of jail, assuming that he was found not guilty of the murder for hire charge.  Appellant's counsel asked for the continuance because otherwise, appellant "is going to take the Fifth Amendment on a lot of issues." Appellant's counsel also argued that appellant would be denied due process "because of his limited testimony that I envision for him."  Lastly, appellant's counsel argued for the continuance because of questions regarding appellant's competency.  On December 5, 2007,

---

[4] Appellant originally was charged with attempted malicious wounding, but the charge was reduced to misdemeanor assault.

appellant stated that he had not been given his medication in approximately forty-eight hours,[5] and he asserted that this lack of medication also affected his competency.

Appellee opposed the motion for a continuance. She argued that the case had been pending for over two years. She also explained that she was afraid of appellant and his possible release in March 2008. She had considered entering the Victim Witness Protection Program in order to protect herself and her children from appellant. In order to accommodate appellant, appellee offered not to call several witnesses regarding the solicitation of murder charge. She also agreed to seek a divorce on no-fault grounds. Appellee acknowledged that appellant had mental health issues, but argued that they did not interfere with his ability to understand what was happening. She pointed out that appellant was represented by counsel. Appellee's counsel argued that the hearing had to "go forward on December 5th for [appellee's] safety, her mental health, her well-being and that of her children."

Appellant presented his arguments at a pre-trial conference on November 28, 2007 and at the trial on December 5, 2007. On both occasions, the trial court denied the motion for continuance. At the pre-trial conference, the trial court stated, "in attempting to balance all of the competing interests on both sides in this case, I think that ultimately in my analysis that weighs in favor of maintaining the trial date under these conditions, so I'll deny the motion to continue."

> The decision to grant a motion for a continuance is within the
> sound discretion of the circuit court and must be considered in
> view of the circumstances unique to each case. The circuit court's
> ruling on a motion for a continuance will be rejected on appeal

---

[5] On December 6, 2007, a nurse from the Virginia Beach Correctional Center testified that appellant received his medication on December 1, 2, and 3. There was nothing recorded for December 4, when he was transported from Sussex to Virginia Beach. On December 5, appellant refused his medication, but it was available to him.

only upon a showing of abuse of discretion and resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Here, the trial court did not abuse its discretion in denying the motion to continue. The trial court had an opportunity to hear both parties' arguments. However, there was no "resulting prejudice" to appellant, as he had the opportunity to present his case and be represented at trial.

### Issues #3, 6, 7, and 8 – Lack of specificity in the assignments of error

For several of his assignments of error, appellant did not specify the trial court's error. In his third assignment of error, he simply stated that the trial court erred "in determining equitable distribution." Then, in the argument section of his brief, he included arguments relating to the distribution of the property, failure to consider Code § 20-107.3(E) factors, the distribution of his $52,000 IRA, award of $5,000 to appellee for damages to the floor in the marital residence, property sold during the pendency of the divorce, and other personal property issues.

In his sixth assignment of error, appellant simply stated that the trial court erred "in determining child custody, visitation, and support." In his brief, he included arguments relating to the trial court's consideration of child support, the denial of any contact between appellant and his children, the trial court's failure to consider the factors in Code § 20-124.3, the denial of access to the children's medical and school records, and the denial of notice of a change in the children's address.

In his seventh assignment of error, appellant stated that the trial court erred "in determining spousal support." In his brief, he argued that the trial court erred in combining child support and spousal support, not considering or reserving appellant's request for spousal support, and not considering the factors in Code § 20-107.1.

In his eighth assignment of error, appellant stated that the trial court erred "in determining tax liability and credit issues." In his brief, appellant argued that the trial court

failed to consider the debts of the parties, the tax liability from his IRA, and the unpaid real estate taxes. He also asserted that the trial court erred in not ruling on his request for the child tax dependency exemptions.

Appellant's third, sixth, seventh, and eighth assignments of error were not specific, but he raised multiple arguments in his brief under the generalized concept of equitable distribution, custody, visitation, child support, spousal support, and debts.

> "The object of the assignment of error is to point out the specific errors claimed to have been committed by the court below," thereby alerting the reviewing court, and opposing counsel, to "the points upon which plaintiff's counsel intends to ask a reversal of the judgment or decree, and to limit discussion to those points."

Puckett v. Commonwealth, 134 Va. 574, 579, 113 S.E. 853, 854 (1922) (quoting First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)). "[A] general assignment of error . . . without pointing out the specific errors complained of, does not amount to any assignment of error at all." Id. at 580, 113 S.E. at 854 (citations omitted). See also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the [assignments of error] . . . we, therefore, decline to consider [it] on appeal").

Appellant's arguments related to the third, sixth, seventh, and eighth assignments of error were not expressly stated; therefore, we will not consider them.

### Issue # 4 – Classification of pension and real estate

Appellant argues that the trial court erred in its classification of his Veterans Administration (V.A.) pension and the marital residence.

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citations omitted).

Appellant argued that the V.A. pension is his separate property because this Court held in Lambert v. Lambert, 10 Va. App. 623, 627, 395 S.E.2d 207, 209 (1990), that a veteran's disability payments were considered separate property. [6]

Appellant contends that if the V.A. pension was his separate property, then the marital residence should have been classified as his separate property because the parties used the funds from the V.A. pension to pay the mortgage.

The marital residence was acquired during the marriage and titled in both parties' names; therefore, it is presumed to be marital property. See Code § 20-107.3(A)(2). Appellant bore the burden of proving that the marital residence was his separate property, but he failed to meet his burden. Accordingly, the trial court did not err in classifying the marital residence as marital property.

Issue # 5 – Selling property and disbursing proceeds

Appellant argues that the trial court erred in ordering the sale of the marital residence and the disbursement of the proceeds.

Appellant contested the appointment of a commissioner to sell the marital residence and the procedures for how the sale would occur. Appellant failed to provide a transcript or a statement of facts for the hearing at which the trial court appointed the commissioner and ordered the sale of the marital residence. See Rule 5A:8. A transcript or written statement of facts is indispensable to a determination of this issue on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

---

[6] There is no order in the record indicating that the trial court classified the V.A. pension. Therefore, "there is no ruling for us to review on appeal." Ohree, 26 Va. App. at 308, 494 S.E.2d at 489.

Appellant also contested the disbursement of the proceeds from the sale of the marital residence. The trial court awarded appellee seventy-five percent and appellant twenty-five percent of the equity, after payment of all fees.

Appellant argues that he should have received the proceeds since he contends the marital residence was his separate property. We disagree, since we affirmed the trial court's ruling that the marital residence was marital property.

Considering the circumstances of this case, the trial court did not err in its disbursement of the proceeds from the sale of the marital residence. See Budnick v. Budnick, 42 Va. App. 823, 836-37, 595 S.E.2d 50, 56-57 (2004) (husband's criminal activities were considered negative nonmonetary contributions for purposes of equitable distribution).

Issue # 9 – Appointment of guardian <em>ad litem</em> and/or committee

Appellant argues that the trial court erred by not appointing him a guardian <em>ad litem</em> and/or a committee. Appellant also filed a petition of writ of mandamus with this Court regarding the appointment of a guardian <em>ad litem</em> and/or a committee, and this Court, ruling on the merits of appellant's arguments, denied the writ and dismissed the petition. See In re: Harnois, Record No. 0303-11-1 (May 10, 2011). We adhere to that ruling.

Issues # 10, 12, & 19 – Failing to rule on certain matters

Appellant argues that the trial court failed (1) to rule on his motion for initial jurisdiction and motion for retaining jurisdiction, (2) to rule on "all matters," and (3) to comply with prior rulings. In these assignments of error, appellant asserts that the trial court did not issue certain rulings. However, "there is no ruling for us to review on appeal." Ohree, 26 Va. App. at 308, 494 S.E.2d at 489. Therefore, we will not consider these issues.

- 8 -

Appellant argues that the trial court erred by waiving the requirement to file objections and denying him the opportunity to file objections to the decrees.  Appellant argues that he did not have an opportunity to object to the rulings of June 10, 2010 and July 9, 2010.[7]  The trial court entered orders from both hearings on July 9, 2010.

At the June 10 hearing, appellant's counsel stated, "we would like to reserve to attach to whatever order is entered a more detailed objection to make sure that all of our objections are covered."  The trial court responded, "That will be granted in this and every other issue if necessary that we've covered today."  Later in the same hearing, appellant's counsel stated, "[I]f anybody wants to elaborate on the objections at the time of the decree, that's fine."  The trial court concurred.[8]

At the July 9, 2010 hearing, the trial court gave appellant the opportunity to address the issues of the removal of his personal property, the disbursement of the funds from the sale of the house, and attorney's fees.  After the ruling on these issues, appellant noted several objections and posed several questions.  The trial court indicated to appellant that he would receive a copy of the order.

Rule 1:13 allows a trial court to dispense with endorsements on orders "in its discretion." Although the trial court dispensed with the requirement of appellant endorsing the July 9, 2010 orders, it is clear from the record that appellant had the ability to note his objections to the trial court's rulings by filing his objections with the court.  Therefore, we will not consider this issue.

---

[7] Appellant participated in both hearings by audio-visual conference.

[8] Although appellant requested the opportunity to file objections to the order from the June 10, 2010 hearing, he did not do so.  Subsequent to the June 10, 2010 hearing, appellant terminated the services of his counsel and proceeded *pro se*.  His counsel told the trial court that appellant did not authorize him to sign the order from the June 10, 2010 hearing.  The trial court entered the order without appellant's endorsement and allowed counsel to withdraw.

<u>Issues #13 and 20 – Failure to adequately brief assignment of error</u>

In his thirteenth assignment of error, appellant argued that the trial court erred by quashing his subpoena duces tecum for appellee's phone records. In his twentieth assignment of error, appellant argued that the trial court erred by denying his motion for evidentiary hearings since May 6, 2008.

Appellant, however, did not argue these issues in his brief. Therefore, we consider the issues waived. <u>Muhammad v. Commonwealth</u>, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) ("Failure to adequately brief an assignment of error is considered a waiver." (citing <u>Powell v. Commonwealth</u>, 267 Va. 107, 135, 590 S.E.2d 537, 554 (2004))).

<u>Issue # 14 – Recusal of judge</u>

Appellant argues that the trial judge erred by not recusing himself. Appellant contends the trial judge was biased because he heard other cases relating to the protective orders and appellant's divorce.

"[T]he party moving for recusal of a judge has the burden of proving the judge's bias or prejudice." <u>Commonwealth v. Jackson</u>, 267 Va. 226, 229, 590 S.E.2d 518, 519-20 (2004). In considering a motion to recuse, "[a] trial judge must exercise reasonable discretion to determine whether he possesses such bias or prejudice as would deny the defendant a fair trial." <u>Justus v. Commonwealth</u>, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981) (citing <u>Slayton v. Commonwealth</u>, 185 Va. 371, 376, 38 S.E.2d 485, 488 (1946)).

"'Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings . . . does not automatically or inferentially raise the issue of bias.'" <u>Deahl v. Winchester Dep't of Soc. Servs.</u>, 224 Va. 664, 672-73, 299 S.E.2d 863, 867 (1983) (quoting <u>Barry v. Sigler</u>, 373 F.2d 835, 836 (8th Cir. 1967)).

Here, appellant did not meet his burden to prove that the trial judge was biased or prejudiced against him. The trial judge did not abuse his discretion in refusing to recuse himself.

<u>Issues # 15 & 22 – Post-trial motions</u>

Appellant argues that the trial court erred by denying his post-trial motions and refusing to consider his argument that appellee committed fraud against the trial court.[9] On June 10, 2010, the trial court heard closing arguments and ruled on the final issues of equitable distribution, custody, visitation, and support. A hearing was scheduled for July 9, 2010 to enter the final order from the June 10, 2010 hearing and resolve the remaining issues of the disbursement of the funds from the closing of the sale of the marital residence, appellant's removal of his personal property remaining in the house, and attorney's fees.

Between the June 10, 2010 hearing and the July 9, 2010 hearing, appellant filed the following documents: (1) Notice and Motion for New Trial, to Vacate Order, and Enjoin Sale of Property; (2) Notice and Application for Injunction; (3) Motion for Bill of Particulars; (4) Notice and Post-Trial Motions, which included fifteen requests; and (5) Motion to Vacate for Fraud. At the hearing on July 9, 2010, the trial court indicated that it read all of appellant's motions and denied all of them because they dealt "with issues that have been decided."

Appellant's various motions amount to the equivalent of a motion to reconsider. The trial court's denial of a motion to reconsider is reviewable on appeal only for an abuse of discretion. <u>Murphy v. Commonwealth</u>, 246 Va. 136, 148, 431 S.E.2d 48, 55 (1993); <u>Morris v. Morris</u>, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986). Here, the record is clear that the trial court

---

[9] Appellant was represented by counsel at all hearings through June 10, 2010. After June 10, 2010, appellant told counsel that he wished to proceed *pro se*. The trial court entered an order allowing counsel to withdraw at the beginning of the hearing on July 9, 2010. Appellant has proceeded *pro se* since that time.

considered all of the motions, including the motion for fraud, and denied them. The trial court did not abuse its discretion in denying the motions filed before July 9, 2010.

After July 9, 2010, appellant filed numerous motions, including (1) Notice and Motions to Reconsider, Rehear, Vacate, Amend, Suspend, and/or Stay the Tolling of Rule 1:1, filed July 22, 2010; (2) Motion to Attend Hearing; (3) Notice and Motion to Rehear and Reconsider, filed July 28, 2010; (4) Notice and Motion for a free copy of transcripts for all hearings since March 2005 and a statement of facts for all hearings not transcribed by a court reporter; (5) Notice and Motion to Extend Deadline per Rule 5A:8 and 5A:3; (6) Notice and Motion for Injunction and Assignment of Supersedeas Bond; (7) Statement of Facts from the hearing on July 9, 2010[10]; (8) Notice and Petition for a Writ of Mandamus; (9) Notice and Motion for a free copy of the record; (10) Notice of Filing Transcripts/Depositions/Interrogatories; (11) letter to Judge Hanson; and (12) Notice and Motion to Rehear, Reconsider, and Amend Orders entered on September 15, 2010.

On September 15, 2010, the trial court entered several orders denying (1) appellant's request for a free copy of the record; (2) appellant's request for an extension of time to file a statement of facts; (3) appellant's request for free copies of transcripts and statements of facts; and (4) appellant's request for an injunction and supersedeas bond. On September 29, 2010, the trial court entered an order stating that pursuant to Rule 1:1, it no longer had jurisdiction to consider appellant's motions to reconsider the ruling from the July 9, 2010 hearing. On September 29, 2010, the trial court entered an order denying appellant's motion to reconsider the rulings of September 15, 2010.

---

[10] Appellant subsequently filed a transcript for the July 9, 2010 hearing, so the statement of facts was no longer necessary, as indicated by the trial court's order on September 24, 2010.

Although appellant timely filed the motions to reconsider the July 9, 2010 orders, he did not secure the entry of an order staying the execution of the July 9, 2010 orders. Therefore, the trial court lost jurisdiction to consider the motions after twenty-one days. See Rule 1:1.

As indicated by the record, the trial court did not abuse its discretion because it considered appellant's numerous post-trial motions and properly denied all of them.

### Issue # 16 – Rule 1:13

Appellant argues that the trial court erred when it entered the July 9, 2010 orders without complying with the notice requirements of Rule 1:13. The issue was not preserved pursuant to Rule 5A:18. Appellant asks this Court to consider it under the ends of justice exception.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree, 26 Va. App. at 308, 494 S.E.2d at 488. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

"In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added)).

Here, appellant did not show that a miscarriage of justice occurred. Appellant participated in the July 9, 2010 hearing via audio-visual conference and had an opportunity to note his objections to the order. In fact, he filed several post-trial motions, including a motion to reconsider, and a notice of appeal.

### Issue # 17 – Admission of evidence

Appellant argues that the trial court erred by admitting documents that were not authenticated by appellee. In his brief, appellant identifies at least ten documents that were admitted over his objection.

- 13 -

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 1988)) (brackets in original).

At trial, appellant's counsel objected to the documents based on relevancy, Fifth Amendment, and best evidence rule. None of the objections were based on authentication. Therefore, we will not consider this argument. See Rule 5A:18.

Issue # 18 – Attorney's fees

Appellant argues that the trial court erred by awarding $20,000 to appellee for her attorney's fees and none to appellant.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court previously denied appellee's request for approximately $30,000 to pay for her first attorney and $4,000 to pay for her second attorney. At the hearing on July 9, 2010, appellee's third attorney presented evidence that as of June 10, 2010, appellee paid her $37,979.89. From June 10, 2010 to July 9, 2010, appellee incurred an additional $2,920.50 in attorney's fees, due to the voluminous documents that appellant filed with the trial court and the preparation for the July 9, 2010 hearing.

After considering the parties' arguments, the trial court awarded appellee $20,000 in attorney's fees. The trial court noted that it had not previously awarded appellee any attorney's

fees. Contrary to appellant's argument, the trial court explained that appellee had not "engendered all of this tactic litigation." In fact, appellant filed "voluminous motions," which dealt "with nothing more than things that we have already litigated."

Considering the circumstances of this case, the trial court's award of $20,000 for appellee's attorney's fees is reasonable, and the trial court did not err in its ruling.

### Issue #21 – Motion for accountings in equity

Appellant argued that the trial court erred in denying his motion for accounting in equity and in not considering whether he should have been awarded rental income for the period in which appellee lived in the marital residence during the separation of the parties. In his brief, appellant simply restates the issue and cites several cases, but offers no explanation as to how or why the trial court erred. Muhammad, 269 Va. at 478, 619 S.E.2d at 31 (Appellant "merely" restated his issue and cited to the pages in the appendix where his arguments to the trial court could be found.). Furthermore, there is no transcript or statement of facts from the March 18, 2010 hearing in which the trial court considered his motion. Rule 5A:8. Therefore, we will not consider this issue.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.